# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTY OF WORCESTER, OCTOBER TERM 1837.
## AT WORCESTER.

―――――――

PRESENT.

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL PUTNAM,
Hon. SAMUEL S. WILDE,
Hon. MARCUS MORTON, } Justices.
Hon. CHARLES A. DEWEY,

―――――――

## COMMONWEALTH *versus* ABEL MOORE.

For the sake of regularity of practice, and for the better information and security of those called upon to act under and obey a writ of *habeas corpus*, when issued, under Revised Stat. *c.* 111, § 8, by any other magistrate than a justice of this Court, it ought to appear, on the face of the writ, or else on the face of the petition, such petition being annexed to the writ, and referred to therein, that the case exists, in which authority is given to such other magistrate to issue the writ ; although this may not be essential to its validity.

As the power of a coroner to commit on execution, is special, the burden of proof is on the party insisting on the regularity of such a commitment, to show that the coroner has acted within his authority.

Whether the mere fact that a deputy sheriff is a party to a suit, makes the sheriff interested and consequently authorizes a coroner to serve the writ or execution, *quære.*

Writ of *habeas corpus.* The facts of this case are sufficiently stated in the opinion of the Court.

*Washburn* and *B. Russell,* for the Commonwealth.

*H. Sceva, pro se.*

Oct. 5th

SHAW C. J. delivered the opinion of the Court. The Re vised Statutes, for the greater security of personal liberty, having given authority to a judge of the Court of Common Pleas, judge of probate, and two justices of the quorum, to issue writs of *habeas corpus*, returnable before the Supreme Judicial Court, and any justice thereof, in certain specified cases, that is, the judge of the Court of Common Pleas, when no one of the justices of the Supreme Judicial Court is known to him to be within ten miles, &c. the Court are of opinion, that for the sake of regularity of practice, and for the better infor- mation and security of those called upon to act under and obey such writ, it ought to appear on the face of the writ, or of the petition, on which it is founded, and referred to in the writ and annexed to it, that the case exists, in which, such authority is given to these magistrates ; that is, where the writ is issued by a judge of the Court of Common Pleas, that no judge of the Supreme Judicial Court was known to be within ten miles, and the like in the other cases specified. It may not be strictly necessary to the validity of the writ, but would tend to promote order and regularity in practice. Revised Stat. *c.* 111, § 8.

The writ in this case was directed to Abel Moore, deputy jail-keeper at Concord, directing him to bring up the body of William A. Bancroft, with the cause of his detention. He returns that Bancroft is held on an execution in favor of Henry Sceva, having been committed by Luther Tarbell, a coroner. The objection to this commitment is, that the execution was not rightly directed to a coroner, and could not be legally serv- ed by a coroner. In the writ, the defendant is described as a deputy sheriff ; but it was proved by the testimony of the sher- iff, that he had not been a deputy since June 1836.

Since the Revised Statutes, a coroner can serve a writ or execution only in case the sheriff is a party, or interested. Revised Stat. *c.* 14, § 97. By the *St.* 1783, *c.* 43, § 1, a coroner was to serve all writs and precepts, when the sheriff or either of his deputies, should be a party to the same. The Court are inclined to the opinion, that the Revised Statutes have made an alteration of the law in this respect ; and that, although a deputy sheriff may be a party, yet this does not make the sheriff interested ; and therefore, although Bancroft

had continued to be a deputy sheriff, to the time when the execution issued, it could not by law be directed to, or served by a coroner.   But it is not necessary now to decide this question, because, here there is *primâ facie* evidence that Bancroft was not in fact a deputy sheriff when the execution issued. Besides, as the power of a coroner to commit on execution is special, and only exists in the specified case, the burden of proof is on the party insisting on the imprisonment and the regularity of the commitment, to prove the fact; and here, if it were left in doubt, the creditor offers no evidence that Bancroft was in fact a deputy sheriff.   It ought to be added, in excuse of the clerk, who issued this execution, that probably the action of Sceva against Bancroft, had been pending some years, and was commenced before the Revised Statutes were passed, that Bancroft was then a deputy sheriff, that as the law then stood the writ was rightly directed to, and served by a coroner, and that the clerk having no special directions from the party or his attorney, issued the execution directed to a coroner, to conform to the original process.

The Court are of opinion, that the commitment was irregular, and that the prisoner is entitled to be discharged.